Dear Ms. Alcock:
Please be advised that our office has received your opinion request wherein you asked several questions pertaining to local governmental employee drug testing. More specifically, you asked:
 1. In light of the holding in McKendall v. City of New Orleans, 1993 WL 85954, may employees who have been chosen for promotion be drug tested "as a condition of hiring" for that promoted position in the same manner as initial applicants for employment with Terrebonne Parish?
 2. Is random drug testing of employees who handle or maintain hazardous materials or high voltage lines or power generating machinery, or who program mainframe information systems, or 911 dispatchers, or the council clerk constitutionally permissible?
 3. May parish employees, subject to random drug testing, be pooled for random selection on a departmental basis or must all parish employees subject to random drug testing create a single pool for random selection? Would it be permissible to randomly select an entire E911 shift to be screened so that those employees may be notified and screened prior to coming on-duty for their shift? Would it be permissible to separate the Houma Police Department and the Houma Fire Department as each individual pools for random testing?
In answer to your first question, it is our opinion that McKendall v.City of New Orleans, supra, holds that "[d]rug testing `as a condition of hiring' applies to all applicants for promotions, as well as initial applicants for employment with public agencies." 1993 WL 85954, *5 (E.D.La. 1993), (our emphasis added).
As an employer, the parish would be a "governmental entity" subjected to the provisions of Louisiana R.S. 49:1015, on which the holding ofMcKendall is based upon. Louisiana R.S.49:1015 states in pertinent part:
§ 1015. Public employee drug testing
* * *
 B A public employer may require samples from prospective employees, as a condition of hiring, to test for the presence of drugs.
* * *
In light of this statute, McKendall v. City of New Orleans,1993 WL 85954 (E.D.La., 1993), dealt with the issue of whether or not a drug test conducted as a condition of promotion is within the bounds of La.R.S.49:1015(B) allowing for the testing of "prospective employees, as a condition of hiring". The court in this case stated that to construe the terms "hiring" and "prospective" in the narrow sense would lead to an absurd result. Id at 4. They concluded that testing public employees as a "condition for hiring" applies not only to initial applicants, but to all applicants seeking promotions. Id. The court reasoned that the legislative intent was to, " authorize drug testing as a precondition of placement into positions with public employers," and not merely to limit it to, " those applicants who are not currently employed by the public agency." Id. Therefore, the testing for the presence of drugs in public employees, applies not only as a condition of hiring, but also as a condition of promotion.
Your second question focuses on La.R.S. 49:1015(C), which allows for the random drug testing of those employees in safety-sensitive or security-sensitive positions. Louisiana R.S. 49:1015 states in pertinent part:
* * *
 C. A public employer may implement a program of random drug testing of those employees who occupy safety-sensitive or security-sensitive positions.
* * *
The U.S. Supreme Court held that a "compelled intrusion into the body for blood to be analyzed for alcohol content" is a search for the purpose of the Fourth Amendment. Skinner v. Railway Labor Executives'Association, 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). Therefore, it must be determined whether the position held is a safety-sensitive or security-sensitive one, or whether the position falls outside these parameters subjecting the search to a "reasonableness" test. The court in Skinner, as well as the court in National TreasuryEmployees Union v. Von Raab, 489 U.S. 656, (1989), concluded that for a random drug test search to be reasonable, the necessity of governmental intrusion must outweigh the privacy interest of the individual. This must be determined on a case by case basis.
Any employee who handles or maintains hazardous materials or high voltage lines or power generating machinery would seem to fall under the category of safety-sensitive positions. Because of the danger and grave risk related to these jobs there is an increased need to be alert to the very utmost. Those employees who program mainframe information systems, or who are 911 dispatchers are harder to define. Both employees have a duty to be alert on their job, as they deal with mainframe computer systems and emergencies which involve the safety of others. Therefore, the employees who program mainframe information systems and who are 911 dispatchers may be considered safety-sensitive employees for the purposes of La.R.S. 49:1015 as well.
In the case of Romaguera v. Gegenheimer, 798 F. Supp. 1249 (E.D.La. 1992), the court analyzed La.R.S. 49:1015 as it relates to clerk of court employees. The court held that random drug testing was allowable only for those employees who have direct, unsupervised access to court evidence, such as drugs, or who have the duty of operating public motor vehicles. It was not enough to merely have potential access or to only have the duties of handling cash or operating computers.
In answer to your second question however, it is our opinion that a factual determination has to be made by the public employer as to whether or not a specific job falls within the nature of a safety-sensitive or security-sensitive one for purposes of drug testing. This is not a factual determination that can be made by our office, but we hope that the jurisprudence discussed will be helpful in this matter.
Your final question deals with the process of pooling employees and its constitutional issues. While there is no case law on point, it is the opinion of our office that all parish employees who occupy safety-sensitive or security-sensitive positions may be pooled as a whole. If factors beyond the employers control prevent this from being a practical possibility, then it would be the opinion of our office, in light of the circumstances, that pooling by sections would be constitutional. As long as the employees occupy these types of positions, the degree of randomness would be inconsequential to the constitutionality of La.R.S. 49:1015(C). As long as the drug testing program complies with the "reasonableness" test referenced in answer to question two, and as long as the program is pursuant to a written policy, duly promulgated, as required by La.R.S. 49:1015, then pooling in various groups would be constitutionally permissible.
We hope this opinion has answered your questions. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL/VC;mjb